MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
CLAIRE T. CORMIER (CABN 154364)
Assistant United States Attorney
    150 Almaden Blvd., Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5082
    FAX: (408) 535-5081
    claire.cormier@usdoj.gov

Attorneys for Defendant, Penny S. Pritzker
Secretary, Department of Commerce

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW A. I. UA CRUADHLAOICH,<br><br>   Plaintiff,<br><br>   v.<br><br>PENNY S. PRITZKER, , SECRETARY, U.S. DEPARTMENT OF COMMERCE,<br><br>   Defendant. | Case No.  C 12-02723 EDL<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, AS MODIFIED**<br><br>DATE:  September 17, 2013<br>TIME:  2:00 p.m.<br>Courtroom E, 15th Floor<br>Hon. Elizabeth D. Laporte |

Plaintiff's motion for leave to file an amended complaint came on for hearing, as noticed by Plaintiff, on September 17, 2013.  Plaintiff did not appear.  Defendant appeared through Assistant United States Attorney Claire Cormier.

The Court hereby denies plaintiff's motion.

Plaintiff's complaint alleges claims for discrimination and retaliation under Title VII, defamation, and failure to comply with the California Labor code.  The complaint also seeks punitive damages.  Prior to reassigning the case to this Court, Judge White dismissed Plaintiff's defamation and California Labor Code claims with prejudice, leaving only the Title VII claims.  Plaintiff then moved for leave to file an amended complaint continuing to allege discrimination and retaliation under Title VII and seeking to add a claim for intentional infliction of emotional distress.

1

C 12-02723 EDL – [PROPOSED] ORDER DENYING MOTION  TO AMEND COMPLAINT

Though leave to amend a complaint is liberally granted, where, as here, the amendment would be futile, the Court should deny leave to amend. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As previously noted by Judge White in his Order Denying in Part and Granting in Part Defendant's Motion to Dismiss (Doc. No. 27 at 6), Plaintiff has not met the administrative exhaustion requirements for his intentional infliction of emotional distress claim against the United States. An action under the Federal Tort Claims Act requires that the plaintiff first exhaust his administrative remedies. 28 U.S.C. § 2675(a). "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985). Where a plaintiff has not exhausted the administrative claims procedure required under the FTCA, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff's assertion in his reply to the motion that his Equal Employment Opportunity complaint and related documents should be viewed as FTCA claims is not persuasive.

Finally, Defendant has noted that Plaintiff's complaint includes a prayer for punitive damages. Such damages are not available against the federal government. 42 U.S.C. § 1981a(b)(1). Accordingly, Plaintiff's prayer for punitive damages is hereby stricken.

Plaintiff's proposed amendments to his complaint are futile because of his failure to exhaust administrative remedies. Plaintiff's motion for leave to file an amended complaint is therefore denied. In addition, Plaintiff's prayer for punitive damages is stricken. Plaintiff is limited to his claims of discrimination and retaliation under Title VII, as stated in his original complaint.

Dated: October 24, 2013

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge