IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. I. UA CRUADHLAOICH,<br><br>    Plaintiff,<br><br>  v.<br><br>PENNY S. PRITZKER, SECRETARY, U.S. DEPARTMENT OF COMMERCE,<br><br>    Defendant.              / | No. C -12-02723(EDL)<br><br>**ORDER DENYING PLAINTIFF'S RULE 56(d) MOTION TO CONTINUE OR DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

On November 25, 2013, Defendant moved for summary judgment on Plaintiff's claims of national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964. On March 12, 2014, the Court granted in part and denied in part Plaintiff's motion to compel further responses to his document requests. The Court ordered that Plaintiff's opposition to Defendant's motion for summary judgment was due April 8, 2014, and that Defendant's reply was due April 15, 2014. Defendant did not file an opposition on April 8, 2014 but instead filed a motion to continue under Federal Rule of Civil Procedure 56(d) on April 15, 2014.[1] The Court ordered Defendant file any opposition to the Rule 56(d) motion by April 18, 2014, and Defendant filed an opposition on April 15, 2014, arguing that Plaintiff's motion is untimely and that Rule 56(d) relief is not warranted.

**I. Discussion**

Although Plaintiff argues that he was entitled to a three-day extension of the April 8 deadline under Federal Rule of Civil Procedure 6(d) because the summary judgment motion was served by mail and email under Federal Rule of Civil Procedure 5(b)(2)(c) and (E), Rule 6(d) only applies

---

[1] Plaintiff date stamped the Rule 56(d) motion with the date April 11, 2014, but he did not file the motion with the Clerk's Office until the evening of April 14, 2014.

when a party must act within a specified time after service.  Here, the Court ordered Plaintiff to file his opposition by April 8, 2014.  Further, Local Rule 7-3(a) provides that Rule 6(d) does not extend the deadline for oppositions.  The Local Rule does, however, provide its own three-day extension of the opposition deadline when a motion is served by mail or email.  While this provision is inapplicable where, as here, the Court set an express deadline, the Court will not deny Plaintiff's motion as untimely.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  To obtain Rule 56(d) relief, Plaintiff must make: "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information actually exists.'" Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. The Clorox Co., 353 F.3d 1125, 1129-30 (9th Cir. 2004) (addressing predecessor to Rule 56(d) and quoting Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986)).  Plaintiff must proffer evidence to show that the evidence sought exists and that it would prevent summary judgment.  Employers Teamsters, 353 F.3d at  at 1129-30.  A district court may deny further discovery if the party seeking Rule 56(d) relief failed diligently to pursue discovery in the past.  Id. at 1130.

Here, Plaintiff argues that because Defendant's motion for summary judgment is based almost entirely on declarations, he is entitled to additional discovery to determine the truth or falsity of the statements made in the declarations.  Plaintiff states that such discovery may consist of Freedom of Information Act ("FOIA") requests, affidavits from other Census employees, PACER searches for exhibits presented in similar cases, and cross-examination.  According to Plaintiff, he reasonably believed he would be able to obtain this information via his document requests, and it would be "fundamentally unfair" to prohibit him from questioning "the veracity of the information provided by Defendant's own officers and agents."   (Pl.'s Mot. at 4.)  Defendant counters that Plaintiff has not made a timely application for Rule 56(d) relief because discovery closed on September 30, 2013, and Plaintiff has been well ware of summary judgment issues since November

2

**United States District Court**
For the Northern District of California

1  2013.  According to Defendant, "[t]he time for plaintiff to collect evidence to defeat summary

2  judgment, whether through formal discovery procedures or other means, has passed."  (Def.'s Opp.

3  at 3.)

4  Plaintiff is not entitled to Rule 56(d) relief.  The Court already addressed some of the

5  discovery Plaintiff seeks, such as telephone records, information about a witness in his Equal

6  Employment Opportunity proceeding, and similarly situated employees, in its order granting in part

7  and denying in part Plaintiff's motion to compel.  Plaintiff cannot use Rule 56(d) to reargue that

8  motion.  Moreover, Plaintiff has not shown why he could not have pursued FOIA requests, PACER

9  searches, depositions to cross-examine the declarants or other discovery prior to April 2014.  The

10  cases cited by Plaintiff for the proposition that Rule 56(d) motions are granted "almost as a matter of

11  course" note that this is only the case when the party opposing summary judgment has not had

12  "sufficient time to develop affirmative evidence" or "a realistic opportunity to pursue discovery

13  relevant to its theory of the case.  Stonebreaker v. Stonebreaker, Case No. 11-797, 2011 WL

14  5361155, at *4 (S.D. Cal.  Nov. 4, 2011); EEOC v. Dillard's Inc., Case No. 08-1780, 2011 WL

15  4507068, at *2 (S.D. Cal. Sept. 28, 2011).  Plaintiff has had ample time to pursue discovery -- fact

16  discovery closed in September 2013, and Plaintiff was aware of Defendant's declarations in

17  November 2013.  See Dumas v. Bangi, Case No. 12-1355, 2014 U.S. Dist. LEXIS, at *5 (E.D. Cal.

18  Jan.  23, 2014) ("Rule 56(d) does not reopen discovery; rather it forestalls ruling on a motion for

19  summary judgment in cases where discovery is still open and provides the prospect of defeating

20  summary judgment.")

21  Plaintiff's argument that he thought he would receive the information he needs via his

22  motion to compel does not justify reopening discovery now because much of the discovery now

23  sought was not the subject of his motion to compel.  Further, Plaintiff's motion in many instances

24  does not specifically identify relevant information that likely exists but rather seeks generically to

25  discover whether there is evidence controverting Defendant's declarant's statements.  Finally,

26  although Plaintiff argues that he did not learn the name of a potential witness until Defendant

27  provided additional discovery in response to the Court's motion to compel, this witness is relevant to

28  a background fact that Defendant mentions in a footnote in its motion for summary judgment.  (Pl.'s

Decl. at 14; Def.'s Mot. Summ. J. at 8 n.5.)  Plaintiff has not shown that evidence related to this fact has any bearing on Defendant's motion for summary judgment.

**II.     Conclusion**

The Court denies Plaintiff's Rule 56(d) motion.  The Court orders Plaintiff to file any opposition to Defendant's motion for summary judgment no later than April 23, 2014, at 4:00 p.m.  Plaintiff is not entitled to any three-day extension of this date under Federal Rule of Civil Procedure 6(d) or Local Rule 7.  The Court will not consider an untimely filing.  Defendant's reply to any opposition is due April 30, 2014.

**IT IS SO ORDERED.**

Dated: April 17, 2014

ELIZABETH D. LAPORTE
United States Magistrate Judge